UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at FRANKFORT

Civil Action No. 15-87-HRW

LESLIE SCHLETT,                                                                 PLAINTIFF,

v.                    **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on June 19, 2012, alleging disability beginning on December 31, 2011, due to pain resulting from an injury to her left leg, back problems and depression (Tr.289). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Amelia Lombardo (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, William Braunig, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 13-31).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 15).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic left leg pain, anxiety, depression, degenerative disc disease of the lumbar spine and substance abuse, which he found to be "severe" within the meaning of the Regulations (Tr. 15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 17).

The ALJ further found that Plaintiff could not return to her past relevant work as a sales representative (Tr. 29) but determined that she has the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) except she could only

frequently stoop, crawl, and climb ramps and stairs; occasionally crouch and operate foot controls on the left; and never climb ladders, ropes, or scaffolds (Tr. 19-29). Additionally, she was limited to performing simple, repetitive tasks that did not involve assembly line quotas or which were fast paced; no contact with the general public; and only occasional contact with coworkers and supervisor (Tr. 19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 30).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may

3

not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."
*Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).
Finally, this Court must defer to the Commissioner's decision "even if there is substantial
evidence in the record that would have supported an opposite conclusion, so long as substantial
evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th
Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the
ALJ did not properly weigh the opinions of Julie Gerth, D.O. and David Lauffenburger, M.A.
and (2) the ALJ improperly discounted Plaintiff's subjective complaints.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly weigh the opinions of Julie
Gerth, D.O. and David Lauffenburger, M.A.

In order to be given controlling weight, the opinions of a treating source on issues
involving the nature and severity of a claimant's impairments must be well supported by
medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other
substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). The Court is mindful of the
fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive
great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d
431, 435 (6th Cir. 1985).

In May 2012, Plaintiff presented to Julie Gerth, D.O., with complaints of left buttock and
leg pain (Tr. 412). Dr. Gerth found that Plaintiff had no increased pain with hip motion or

4

palpation to the leg or buttock; negative straight leg raising tests; normal leg ranges of motion; full (5/5) strength in both legs; and intact neurological functioning (Tr. 412).3 Dr. Gerth diagnosed unspecified neuralgia, neuritis, and radiculitis and anxiety (Tr. 412) and prescribed medications (Tr. 413). Later that month, an EMG nerve conduction study showed no evidence of left lumbosacral motor radiculopathy (Tr. 393). On June 12, 2012, Plaintiff returned to Dr. Gerth, reporting that she did exercises at the beach and was worried that her boyfriend permanently damaged something when he pulled on her leg six months prior (Tr. 410). Dr. Gerth diagnosed sciatica (Tr. 410-11). On July 16, 2013, Plaintiff told Dr. Gerth that she underwent injections seven times

(Tr. 572). She also said she was getting another injection the following day and a nerve stimulator (Tr. 572). In August 2013, Dr. Gerth said Plaintiff could stand for one hour and sit for two hours each at one time (Tr. 505). She said she could work for two hours in an eight-hour day (Tr. 505). She said Plaintiff could lift 10 pounds occasionally and five pounds frequently and never bend or stoop (Tr. 505). She also said Plaintiff had marked restrictions of activities of daily living, social functioning, and concentration, persistence, or pace (Tr. 506).

As the ALJ found (Tr. 26), while Dr. Gerth said Plaintiff could sit for up to two hours at a time and stand for up to 60 minutes at a time, she then said, for reasons unexplained, that Plaintiff could only work for two hours per day (Tr. 505). As the ALJ found, Dr. Gerth's opinions were inconsistent with her own treatment records (Tr. 26). In May 2012, she found that Plaintiff had no increased pain with hip motion or palpation to the leg or the buttock; negative straight leg raising tests; normal leg ranges of motion; full (5/5) strength in both legs; and intact neurological functioning (Tr. 412), making the same or similar findings in June and October

5

2012 (Tr. 404, 410).

The ALJ also noted that Dr. Gerth's opinions were inconsistent with Plaintiff's own statements (Tr. 26). For example, in June 2012, Plaintiff told Dr. Gerth that she "d[id] exercises at the beach" (Tr. 410) and the following October said she could stand for three hours (Tr. 403). Finally, the ALJ found Dr. Gerth's opinion to be inconsistent with the other objective medical evidence in the record (Tr. 26). For example, in April 2012, Nick Pfleghaar, D.O., found that Plaintiff had normal ranges of motion in her joints, negative straight leg raising tests, and no neurological deficits (Tr. 416), and made similar findings in June and November 2012 (Tr. 408, 437-38). Also in June 2012, Jahangir Maleki, M.D., found that Plaintiff had "relatively free" straight leg raising tests (Tr. 431-32). *See* 20 C.F.R. § 404.1527(c)(4); *Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 439 (6th Cir. 2012) (unpublished) ("Any record opinion, even that of a treating source, may be rejected by the ALJ when the source's opinion is not well supported by medical diagnostics or if it is inconsistent with the record."). Indeed, as the ALJ further found, it appeared that Dr. Gerth predominantly based her opinion on Plaintiff's subjective complaints, which as discussed below, were not consistent with the medical and other evidence. Given the lack of supporting data and other detracting factors, the Court finds that the ALJ did not err by giving Dr. Gerth's opinion only "some" weight as well as adequately articulating her reasons for doing so.

AS for Mr. Lauffenburger, Plaintiff presented to him with complaints of depression and possible PTSD related her back and leg injuries (Tr. 482). Mr. Lauffenburger found that Plaintiff had fair grooming and hygiene and relevant and goal-directed thoughts, but sad, angry affect, and severely depressed mood (Tr. 489). Mr. Lauffenburger said Plaintiff had severe depression

related to chronic pain over the prior 14 months following an assault by a man she continued to live with (Tr. 490). He said she had major depressive disorder (Tr. 491). In June 2013, Mr. Lauffenburger noted that Plaintiff had a sad, depressed, and angry mood and affect (Tr. 575). A week later, Mr. Lauffenburger noted that Plaintiff was less anxious and working on staying "grounded" (Tr. 589). On July 23, 2013,

Mr. Lauffenburger said Plaintiff was unable to work at all and had extreme restrictions on her activities of daily living and marked difficulties in maintaining social functioning; deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner; and episodes of deterioration or decompensation in work (Tr. 504). On May 5, 2014, Ms. Lauffenburger noted that she had depressed mood and affect and discouraged and negative thought processes (Tr. 578). Plaintiff was hospitalized on May 8, 2014 following intrusive thoughts of previous physical abuse and feeling increasingly depressed and overwhelmed (Tr. 507).

    In her decision, the ALJ found that Mr. Lauffenburger's statements were inconsistent with other evidence in the record (Tr. 27).

    Plaintiff also argues that ALJ should have re-contacted Dr. Gerth and Mr. Lauffenburger. In some situations, the ALJ is under an obligation to seek clarification from a medical source, when the evidence received from a treating physician or other medical source is insufficient for a determination of disability, or after weighing the evidence the agency cannot reach a conclusion about disability. That is not the case here. The ALJ had the benefit of Mr. Lauffenburger's own office notes (Tr. 482, 489-91, 575, 578, 585, 589), the report of Dr. Morse (Tr. 359-66), and the opinions of Drs. Goldsmith (Tr. 85-86) and Bergsten (Tr. 107-23), none of which supported a

7

finding of disability. Under these circumstances, the ALJ was not required to re-contact Mr. Lauffenburger or Dr. Gerth.

It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's or other medical sources's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

To the extent that Plaintiff suggests that the medical evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

Plaintiff's second claim of error is that the ALJ improperly discounted Plaintiff's subjective complaints.

When evaluating a claimant's subjective symptoms, first, an ALJ must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the claimant's pain or other symptoms. Second, once an underlying impairment(s) that could reasonably be expected to produce the individual's pain or

other symptoms has been shown, an ALJ must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the claimant's ability to do basic work activities. *See* 20 C.F.R. § 404.1529; SSR 96-7p, 1996 WL 374186, at *2.5 In so doing, an ALJ considers factors such as the objective medical evidence; the claimant's activities; the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate his symptoms; and any other factors concerning the claimant's functional limitations and restrictions due to his symptoms. *See id.*

In this case, the ALJ found Plaintiff's subjective complaints to be less than credible. As the ALJ found, evidence of malingering detracted from Plaintiff's subjective complaints (Tr. 21, 23). In April 2012, Mark Cheney, D.O., noted that Plaintiff's level of pain seemed out of proportion with the x-ray findings (Tr. 414). *See* 20 C.F.R. § 404.1529(c)(4) (stating an ALJ must consider inconsistencies in the evidence); *Cole v. Sec'y of Health & Human Servs.*, 820 F.2d 768, 771 (6th Cir. 1987) (claimant exaggerated his complaints of chest symptoms: he alleged that they occurred at rest, but medical evidence showed that they occurred with activity or exertion). Further, evidence of Plaintiff's activities was not consistent with her subjective complaints (Tr. 21), including that she exercised at the beach (Tr. 410). *See* 20 C.F.R. § 404.1529(c)(3)(I) (stating an ALJ must consider a claimant's activities).

Given the inconsistent and contradictory evidence, the Court finds the ALJ's assessment of claimant's credibility to be reasonable and supported by substantial evidence on the record as a whole.

9

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of March, 2017.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge